IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD BERCUME,

        Petitioner,

    v.

GUY HALL,

        Respondent.

Case No. 6:14-cv-01545-JE

FINDINGS AND RECOMMENDATION

    Richard Bercume, #13231193
    Santiam Correctional Institution
    4005 Aumsville Highway SE
    Salem, OR 97317

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a variety of state-court convictions. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#9) should be denied.

## BACKGROUND

Petitioner was initially charged in August 2010 by information in Lane County with two counts of Theft in the First Degree, one count of Theft in the Second Degree, and one count of Unlawful Possession of Methamphetamine. Respondent's Exhibit 102. After the Lane County District Attorney amended the information twice, petitioner was charged with six counts of Theft in the first Degree, two counts of Unlawful Possession of Methamphetamine, one count of Identity Theft, and two counts of Burglary in the Second Degree. Respondent's Exhibit 104. Petitioner elected to plead guilty to those charges, and the trial court sentenced him to 105 months in prison. Respondent's Exhibit 110.

Petitioner did not take a direct appeal, and instead proceeded to file for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief. Respondent's Exhibit 124. The Oregon Court of Appeals affirmed the PCR trial court's decision without opinion, and the Oregon Supreme Court denied review. *Bercume v. Nooth*, 261 Or. App. 476, 325 P.3d 844, *rev. denied*, 355 Or. 380, 328 P.3d 696 (2014).

2 - FINDINGS AND RECOMMENDATION

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on September 25, 2014 raising five grounds for relief:

> **Ground One:** Denial of effective assistance of counsel.
> **Supporting Facts:** Attorney did not bring up the issue of the current value of golf clubs, mountain bike, and electronics. ORS 164.055. Items listed above (current value is under 1,000);
>
> **Ground Two:** Conviction obtained by the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to the defendant/Denied of effective assistance of counsel.
> **Supporting Facts:** Inconsistent match of boots at crime scene (Lab results from state police). DNA results did not match crime scene DNA (Lab results from state police). Burglary in the 2nd Degree (Count 10) was vacated but still doing time, plea deal same and still owe same restitution.
>
> **Ground Three:** Denial of effective assistance of counsel.
> **Supporting Facts:** Did not call witnesses (Megan Long and Alex Bercume). Witnesses to the fact that defendant bought items and did not steal them.
>
> **Ground Four:** Denial of effective assistance of counsel.
> **Supporting Facts:** On Count 3, charged as Theft I, which was a misdemeanor (same items as in Count 4) but was not dropped to a misdemeanor.
>
> **Ground Five:** Denial of effective assistance of counsel.
> **Supporting Facts:** Was not granted a fast and speedy trial as requested (documented).

Respondent asks the court to deny relief on the Petition because: (1) petitioner failed to fairly present Grounds Two,

Three, and Four to the Oregon state courts, leaving them procedurally defaulted; and (2) the PCR trial court's denial of Grounds One and Five was not objectively reasonable. Although petitioner's supporting memorandum was due on August 10, 2014, he has neither filed such a document, nor has he otherwise challenged the State's contentions.

## DISCUSSION

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards*

v. *Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A review of the record reveals that after his PCR trial, petitioner winnowed his claims down to whether trial counsel was constitutionally ineffective when he: (1) failed to investigate whether the State could prove the value of the items involved on each Theft in the First Degree count to be $1,000 or above; and (2) failed to preserve petitioner's statutory speedy trial rights. Respondent's Exhibits 125 & 127. These claims correspond to Grounds One and Five of the Amended Petition for Writ of Habeas Corpus, respectively. As petitioner abandoned the claims that correspond to Grounds Two, Three, and Four of his Petition during his state court appeal, and as he can no longer pursue them, they

are procedurally defaulted and ineligible for federal habeas review.

## II. **The Merits**

### A. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

B.  **Analysis**

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable

7 - FINDINGS AND RECOMMENDATION

probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

### 1. Ground One: Value of Stolen Goods

Petitioner first alleges that trial counsel was ineffective when he failed to challenge the value of the items as insufficient to meet the $1,000 threshold necessary to establish guilt for Theft in the First Degree. The PCR trial court rejected this claim as follows:

> There is no proof that the restitution figure was wrong. There is no proof Petitioner wouldn't have taken the plea if . . . he had additional information. There is no proof that additional investigation would have turned up anything helpful.

Respondent's Exhibit 123, p. 21.

Petitioner points to nothing in the record that might tend to show the restitution figure was wrong, or that he might have insisted on proceeding to trial if counsel had advised him more fully. Accordingly, the PCR trial court's decision does not involve an unreasonable application of clearly established federal law.

///

///

## 2. Ground Two: Failure to Preserve Speedy Trial Rights

Petitioner also claims that counsel's performance fell below an objective standard of reasonableness when he failed to preserve petitioner's right to a speedy trial under Oregon law.[1] Petitioner's trial was initially scheduled for October 1, 2010. 116, p. 1. Trial counsel could not proceed on that date because "the evidence gathering ha[d] not yet been completed," counsel was not in possession of the "police reports or any discovery regarding the multiple new matters alleged in the Amended Information," and he had another trial scheduled with another client for October 5, 2010 that had already been postponed and counsel did not feel he could move it again. Respondent's Exhibit 115, p. 3.

Petitioner nevertheless refused to waive his right to a speedy trial. As a result, counsel moved to withdraw on September 17, 2010. The trial court denied that motion on September 20. *Id* at 7. As a result, and while specifically noting petitioner's refusal to waive his speedy trial rights, counsel requested a continuance on September 27. Respondent's Exhibit 116. The trial court granted the continuance and reset the trial date for November 16, 2010. *Id* at 4. Four days before that trial was to commence, petitioner elected to plead guilty.

---

[1] Under Oregon's speedy trial statute, if the State fails to bring a custodial defendant to trial within 60 days of his arrest and without his consent, the State must release him from custody. ORS 136.290.

9 - FINDINGS AND RECOMMENDATION

The PCR trial court addressed this claim briefly, noting that "[t]he trial court was satisfied that the set over was necessary despite Petitioner's objection." Respondent's Exhibit 123, p. 21. A review of the record reveals that the set over was necessary, and petitioner has not demonstrated how counsel's performance fell below an objective standard of reasonableness given the circumstances he faced. In addition, even assuming counsel should have attempted to more vigorously pursue petitioner's release pending trial, such release would not have resulted in the dismissal of the charges against him. *Johnson v. Premo*, 269 Or. App. 686, 700, 346 P.3d 578, 586 (2015). Where petitioner's temporary release would not have impacted the outcome of the legal proceedings against him, he cannot demonstrate prejudice. For all of these reasons, the PCR trial court's denial of petitioner's Ground Five claim does not constitute an unreasonable application of clearly established federal law.

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#9) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

///

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __27__ day of October, 2015.

                              /s/ John Jelderks
                              John Jelderks
                              United States Magistrate Judge